**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NAPOLEON REDDICK,

Petitioner,

v. Case No. 8:01-cv-2468-T-30TBM

J. PETROVKSY, et al.,

Respondents.
___________________________________/

# ORDER

THIS CAUSE comes before the Court upon Napolean Reddick's Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 23), the state's Response and Memorandum of Law (Dkt. # 39), and Petitioner's Reply Brief (Dkt. # 45). The Court, having considered the petition and memoranda, and being otherwise fully advised, finds that it should be denied.

## Background

Petitioner was convicted following a jury trial in the Twelfth Judicial Circuit, Sarasota County, Florida, of robbery with a firearm while wearing a mask. On April 1, 1999, Petitioner was sentenced as a prison releasee reoffender and habitual violent felony offender to thirty (30) years in state prison with a minimum mandatory sentence of fifteen (15) years.

On direct appeal Petitioner alleged that the trial court erred by denying his motion in limine to exclude evidence of a prior robbery. Petitioner also appealed the trial court's

finding that the prisoner releasee reoffender act was constitutional. On May 19, 2000, the Second District Court of Appeal affirmed Petitioner's conviction *per curiam* without written opinion. Reddick v. State, 761 So.2d 1110 (Fla. 2d DCA 2000) (table decision). The mandate was filed on June 19, 2000. On May 10, 2001, Petitioner filed a motion for post-conviction relief in the trial court pursuant to Fla. R. Crim. P. 3.850. In his motion, Petitioner raised a claim of ineffective assistance of trial counsel, alleging that his trial counsel failed to properly object to the admission of evidence of a prior robbery and failed to properly preserve the objection for appeal. In addition, Petitioner alleged that he was denied his right to a fast and speedy trial. Finally, Petitioner alleged that he was denied his right to a fair and impartial trial because of a biased statement allegedly made by a potential juror.

On May 23, 2001, the trial court denied the first two grounds of Petitioner's motion for post-conviction relief. The court directed the state to respond to Petitioner's third claim. The state filed a one-page response on July 23, 2001. The trial court denied Petitioner's third and final claim on July 23, 2001. Petitioner then appealed the trial court ruling denying the motion, and the Second District Court of Appeal affirmed *per curiam*, without written opinion, on October 31, 2001. Reddick v. State, 801 So.2d 935 (Fla. 2d DCA 2001) (table decision). The mandate was filed on December 3, 2001.

On December 26, 2001, Petitioner initiated this action by filing a federal habeas petition in the United States District Court, Middle District of Florida, Tampa Division. Petitioner asserts three grounds for relief in his amended petition. Ground one alleges that

Petitioner's trial counsel rendered ineffective assistance.  Ground one contains five specific instances where Petitioner's counsel was allegedly ineffective.  Ground two asserts that the trial court erroneously admitted evidence demonstrating that Petitioner had participated in a previous robbery at the same location.  Ground three alleges that the trial court erred in denying Petitioner's motion in limine which sought to preclude the introduction of Petitoner's co-defendant's confession in violation of the holding of Bruton v. United States, 391 U.S. 123 (1968).

**Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. 104-132, 110 Stat. 1214, establishes the standard of review for federal courts to use when reviewing the decisions of state courts under 28 U.S.C. § 2254.  The Act became effective on the date it was signed into law, April 24, 1996.  See Felker v. Turpin, 518 U.S. 650 (1996); Hunter v. United States, 101 F.3d 1565, 1568 (11th Cir. 1996) (en banc). Pursuant to § 2254(d):

> (d) An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination

> of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254. The Supreme Court analyzed the application of this standard of review in Williams v. Taylor, 529 U.S. 362, 412 (2000).[1]

In Williams, the Supreme Court held that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id.* First, the federal court evaluating a habeas petition under § 2254(d)(1) must determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This law can be found in "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. Further, any precedent or legal rule that would qualify as an old rule under the analysis of Teague v. Lane[2] also constitutes clearly established federal law under § 2254(d)(1). Williams, 529 U.S. at 412. However, the source of clearly established law is restricted to the jurisprudence of the United States Supreme Court. Id.

---

[1]The interpretation of amended §2254(d) was decided in Part II of Williams and the Court quotes from Justice O'Connor's opinion.

[2]Under Teague, a federal court evaluating a habeas petitioner's claim that he should have had the benefit of a rule of constitutional law must "survey the legal landscape" to determine whether the rule is "new." A rule is not "new" if the state court considering the habeas petitioner's claim would have felt compelled by existing precedent to conclude that the rule petitioner seeks was required by the Constitution. Teague v. Lane, 489 U.S. 288, 301 (1989).

Next, the court must determine whether one of the two conditions set forth in § 2254(d) applies.[3] A state court decision is "contrary to" clearly established federal law if the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decided a case differently than a case decided by the Supreme Court on materially indistinguishable facts. Id. A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of a prisoner's case. Id. The determination of unreasonableness is an objective one and the federal court may not issue a writ of habeas corpus simply because it concludes, in its independent judgment, that the state court decision was erroneous or incorrect. Id. at 410-11.

Two principal standards control this Court's review of Petitioner's habeas petition. First, under § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. Second, under § 2254(d), claims decided on the merits by the state court cannot be the basis for habeas relief unless the state court ruling does not survive a Williams analysis.

---

[3] "Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 412 (citation omitted).

**Procedural Default**

Petitioner asserts that his Sixth Amendment right to effective assistance of counsel was violated when trial counsel: (1) failed to file a motion to suppress a purportedly illegal search and seizure of Petitioner's property; (2) failed to file a motion to suppress an allegedly unlawful stop; (3) failed to object to allegedly improper closing remarks by the state prosecutor; (4) deprived him of a fair and impartial trial by failing to properly investigate and depose one of the state's witnesses; and (5) failed to move for a discharge on speedy trial grounds after 60 days.

The first four claims have been raised for the first time in Petitioner's amended petition. Petitioner did not include these claims in his direct appeal or in his Rule 3.850 motion for post-conviction relief.

In ground three of his amended petition, Petitioner asserts that the trial court abused its discretion by denying his motion in limine seeking to preclude the introduction of co-defendant Timarus Foulks' confession at trial. Petitioner argues that the admission of Foulks' confession violated the rule established in Bruton v. United States, 391 U.S. 123 (1968). Petitioner also raises this claim for the first time in his amended petition. Petitioner did not include the Bruton claim in his direct appeal or in his Rule 3.850 motion for post-conviction relief.

Petitioner is now procedurally barred from filing any additional Rule 3.850 motion. Rule 3.850 provides, in pertinent part, that "[a] motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered

pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case." Fla. R. Crim. P. 3.850. Because Petitioner does not challenge the length of his sentences, his petition is subject to the two-year limitation period. Rule 3.850 provides four exceptions to the two-year limitation period, not one of which is applicable to the present case. Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. See Coleman v. Thompson, 501 U.S. 722, 729 (1991); Franklin v. Hightower, 215 F.3d 1196, 1198 (11th Cir. 2000) (discussing procedural default doctrine and comity in American judicial system). In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless the petitioner is able to show both cause for the default and prejudice resulting therefrom. See Teague, 489 U.S. at 298; Franklin v. Hightower, 215 F.2d at 1198. See the collection of cases at Harris v. United States, 149 F.3d 1304, 1307-08 (11th Cir. 1998).

Petitioner does not dispute Respondent's assertion that the first four ineffective assistance of counsel claims or his Bruton claim are procedurally defaulted, but he does assert that he is entitled to proceed on his "refined" speedy trial claim because refusal to consider the claim would result in a fundamental miscarriage of justice" because he is actually innocent of the offense of conviction. Even if Petitioner had made this argument in an effort to overcome the procedural default on the first four claims, it would have been futile. To overcome a procedural default based on an assertion of "actual innocence," the petitioner must demonstrate that he has newly discovered evidence which, if presented at trial

would establish factual innocence rather than mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (citations omitted). See also Schulp v. Delo, 513 U.S. 298, 316 (1995) (citations omitted) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); High v. Head, 209 F.3d 1257, 1270 (11th Cir. 2000) (citation omitted). Having failed to come forward with any "new evidence" of factual innocence, Petitioner does not present a colorable claim of actual factual innocence. Accordingly, the first four of Petitioner's alleged instances of ineffective assistance of counsel and his Bruton claim are procedurally barred. However, the Court finds that Petitioner procedurally exhausted his claim that counsel failed to move for discharge on speedy trial grounds after sixty (60) days.[10]

**Ineffective Assistance of Counsel Claims**

Petitioner's remaining claim of ineffective assistance of counsel is that counsel failed to move for discharge on speedy trail grounds after sixty (60) days. Petitioner asserts that the delay in bringing him to trial allowed the state to "bring forth damaging and inadmissable evidence against Petitioner" and allowed the state to work out a plea agreement with his co-defendant Timarus Foulks in exchange for his testimony.

---

[10] Petitioner raised this claim in his Rule 3.850 motion.

In rejecting his 3.850 motion for post conviction relief, the trial court found that Petitioner had waived his speedy trial rights and that the allegations in his motion were legally insufficient. (Dkt. # 37, Exh. 9). The court also found that Petitioner was not prejudiced by counsel's advice regarding waiving speedy trial in order to participate in discovery. (Dkt. #37, Exh. 9).[11]

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. at 477. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002).

---

[11] The fact that the state court did not cite any federal precedent in its opinion does not mean that the AEDPA deference does not apply. Parker v. Secretary for Dept. of Corrections, 331 F.3d 764, 776 (11th Cir. 2003).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. Chandler, 218 F.3d, at 1314 n. 15.

In Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit discussed ineffective assistance of counsel:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

The Eleventh Circuit further stated that “[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds.” Sims, 155 F.3d at 1305 (citing Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998)). In Strickland the Supreme Court held that “[t]here is no reason for a court deciding an ineffective assistance claim . . . to address

both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled. ' " Chandler, 218 F.3d at 1313 (quoting Burger v. Kemp, 483 U.S. 776 (1987)). Under Strickland, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

After reviewing the record, this Court concludes that Petitioner has failed to demonstrate that his trial counsel's performance was deficient or that, even if deficient, that any deficiency would be prejudicial to his defense. In Petitioner's 3.850 proceedings, the state court made findings of fact that Petitioner was bound by counsel's waiver of speedy trial. (Dkt. # 37, Exh. 9). The court also found that Petitioner was not prejudiced by counsel's advice regarding waiving speedy trial in order to participate in discovery. (Dkt. # 37, Exh. 9). Petitioner has not overcome by clear and convincing evidence the presumption of correctness accorded the trial court's factual findings. 28 U.S.C. § 2254(e)(1).

The trial courts findings are bolstered by the fact that in September of 1998,[12] Petitioner sent Judge Donnellan a letter regarding his inability to post bond to obtain his pre-

[12] The letter is dated September 11, 1998, and was filed in the court file on September 17, 1998.

trial release from incarceration. (Dkt. # 37, Exh. 6 p. 23). Petitioner's letter did not mention, much less demand, a speedy trial. Moreover, the Court notes that it was likely that the state and Foulks would have reached a plea agreement even had Petitioner gone to trial within sixty (60) days. Foulks admitted his involvement in the robbery and implicated Petitioner on the same day he was arrested. (Dkt. # 37, Exh. 6 pp. 3-4). Petitioner's speculation regarding how the trial would have proceeded had the demand for a speedy trial been presented is not a basis for a finding that he has met the prejudice prong of the Strickland test.

Petitioner has not shown that the state court's adjudication of his ineffective assistance of counsel claim resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254. Petitioner has failed to establish that he is entitled to federal habeas relief on this claim.

**Evidence of Prior Robbery**

Ground two asserts that the trial court erred in admitting evidence showing that Petitioner had robbed the same location approximately one month before the robbery that is the subject of the current proceedings. The trial court denied trial counsel's motion in limine which sought to exclude this evidence. Petitioner argues that the admission of this evidence violated the Williams' Rule, which forbids the introduction of evidence solely to establish

that a defendant has a bad character or propensity for committing crimes.[13] See Williams v. State, 110 So.2d 654, 663 (1959). The state argued that the evidence of the prior robbery was relevant to show a unique *modus operandi* that went to establish Petitioner as the perpetrator of both of the robberies. (Dkt. # 37, Exh. 2, pp. 4-5).

Petitioner presented a similar argument to the appellate court on direct appeal. (Dkt. # 37, Exh. 1, pp. 12-15). Although the appellate court affirmed the conviction without written opinion, the Eleventh Circuit has held that the decision is entitled to the same deference as if the appellate court had entered written findings to support its decision. See Wright v. Sec. of Dept. of Corr., 278 F.3d 1245 (11th Cir. Jan. 22, 2002), cert. denied, 2003 WL 891897 (Mar. 10, 2003). In addressing this issue, the Eleventh Circuit stated:

> To start with, Wright says that the district court should not have given the state court's decision any deference under § 2254(d)(1), because the rejection of this claim without any discussion of it does not amount to the claim having been "adjudicated on the merits" in the state court proceedings, which is a predicate for the application of §2254(d)(1). We have not previously addressed this issue. . . .
>
> [T]he question here is whether the state court's summary, which is to say unexplicated, rejection of the federal constitutional issue qualifies as an adjudication under § 2254(d) so that it is entitled to deference. Six circuits have squarely addressed that question, all of them concluding that the summary nature of a state court's decision does not lessen the deference that it is due. See Sellan v. Kuhlman, 261 F.3d 303, 310-12 (2d Cir. 2001); Bell v. Jarvis, 236 F.3d 149, 158-62 (4th Cir. 2000) (en banc), cert. denied, --- U.S. ----, 122 S.Ct. 74, 151 L.Ed.2d 39 (2001); Harris v. Stovall, 212 F.3d 940, 943 n. 1 (6th Cir. 2000); Aycox

[13] The Williams' Rule has been codified in Florida Evidence Code § 90.404, and is substantially similar to Federal Rule of Evidence 404.

v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999); James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999), cert. denied, 528 U.S. 1143, 120 S.Ct. 994, 145 L.Ed.2d 942 (2000); Delgado v. Lewis, 181 F.3d 1087, 1091 n. 3 (9th Cir. 1999), cert. granted and judgment vacated on other grounds, 528 U.S. 1133, 120 S.Ct. 1002, 145 L.Ed.2d 926 (2000). We agree with those circuits.

We begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."), cert. denied, --- U.S. ----, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself." (quotation marks and citation omitted)). The plain language of § 2254(d)(1) requires only that the federal claim have been "adjudicated on the merits in State court proceedings" and have "resulted in a decision" that is neither contrary to nor involves an unreasonable application of Supreme Court precedent. That is all the text of the provision requires.

. . . . .

To conclude otherwise on this issue would be writing into § 2254(d)(1) an additional requirement that Congress did not put there--a requirement that the state courts explain the rationale of their decisions. Some might view such an addition as an improvement, others would not. Regardless, it would be an addition, and courts ought not add to what the legislature has said is the law. See Garner, 216 F.3d at 976 (declining to add exception to statute on ground that "[w]e will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it"). . . . In § 2254(d) Congress meant to, and did, mandate deference to state court adjudications on the merits of federal constitutional issues, and a decision that does not rest on procedural grounds alone is an adjudication on the merits regardless of the form in which it is expressed.

Id. at 1253-55 (footnotes omitted).

Petitioner raises a state law evidentiary issue in this claim, which provides no basis for federal constitutional habeas corpus relief. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam). Federal habeas relief is available only where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254 (a).

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975 (1993). The limitation on federal habeas review is equally applicable when a petition involving only state law issues is "couched in terms of equal protection and due process." Branan, 861 F.2d at 1508.

Federal courts in habeas corpus proceedings do not sit to review state evidentiary questions unless the alleged error is of such magnitude as to render the state court defendant's trial fundamentally unfair. See Estelle v. McGuire, 502 U.S. 62, 72 (1991); Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983) (citation omitted); Jameson v.

Wainwright, 719 F.2d 1125, 1127 (11th Cir. 1983); DeBenedictis v. Wainwright, 674 F.2d 841, 843 (11th Cir. 1982).  In general, federal courts are reluctant to second-guess state evidentiary rulings, recognizing that states deserve wide latitude in that area, see Maness v. Wainwright, 512 F.2d 88, 92 (5th Cir. 1975),[14] cert. dismissed, 430 U.S. 550 (1977), so that federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error.  See Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11th Cir. 1984), cert. denied, 470 U.S. 1059 (1985).

If the evidence at issue was not material enough to be considered crucial, critical, or a highly significant factor so as to deny the petitioner a fundamentally fair trial, habeas corpus relief should be denied.  See Jameson, 719 F.2d at 1127 (citation omitted) (stating that "[t]o constitute a denial of fundamental fairness, the evidence erroneously admitted at trial must be material in the sense of a crucial, critical, highly significant factor"); Hall v. Wainwright, 733 F.2d 766, 770 (11th Cir. 1984), cert. denied, 471 U.S. 1111 (1985). Petitioner fails to show that the trial court's evidentiary rulings at issue in this claim denied him a fundamentally fair trial.  Florida Evidence Code § 90.404 does not violate the Constitution or laws or treaties of the United States, and Petitioner has not show by clear and convincing evidence that the state court's findings of fact in applying § 90.404 to Petitioner's case was contrary to clearly established federal law.  Therefore, the Court could not grant Petitioner relief on this grounds.

---

[14]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Petitioner has not overcome by clear and convincing evidence the presumption of correctness accorded the state court's findings of fact. See 28 U.S.C. § 2254(e). Petitioner has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254. Petitioner has failed to establish that he is entitled to federal habeas relief on this claim.

**Co-defendant's Confession**

As explained *supra*, in ground three of his amended petition, Petitioner asserts that the trial court abused its discretion by denying his motion in limine seeking to preclude the introduction of co-defendant Timarus Foulks' confession at trial. Petitioner argues that the admission of Foulks' confession violated the rule established in Bruton v. United States, 391 U.S. 123 (1968).

Even if Petitioner's third count was not procedurally barred, the Court finds that it is without merit. As the Court explained in its November 23, 2003 Order (Dkt. # 53), the Bruton rule prohibits the introduction during a joint trial of the confession of a non-testifying codefendant which implicates the defendant as the perpetrator. Bruton, 391 U.S. at 135-36. In Petitioner's case, Petitioner and Foulks had separate trials, and Foulks testified for the state during Petitioner's trial. (Dkt. # 52, Attach. Memorandum of Law at 8-9). There was no joint trial and Petitioner had the opportunity to confront and cross-examine Foulks during Petitioner's trial. Id. Therefore, there was no Bruton violation.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 23) is DENIED.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2001\2001 civil\01-cv-2468 Reddick 2254.wpd