**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

NAPOLEON REDDICK,

    Petitioner,

-vs-                                                          Case No.  8:01-cv-2468-T-30TBM

J. PETROVSKY, et al.,

    Respondents.
_____/

**O R D E R**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 61) of the September 19, 2005 decision denying his petition for relief under 28 U.S.C. § 2254, *see* Dkt. 59, an Affidavit of Indigency seeking leave to proceed on appeal *in forma pauperis* (Dkt. 66), and an Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* forwarded to this Court by the Clerk, Eleventh Circuit Court of Appeals (Dkt. 65), *see* Fed. R. App. P. 24(a). The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability ("COA") (Dkt. 62) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253.[2] Petitioner did not pay the $255.00 appellate filing fee, and

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

although he has filed two requests to proceed *in forma pauperis*, he failed to provide any information regarding his financial status in support of either request (Dkts. 64; 65).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a COA where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a COA when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

In his petition, Petitioner challenged his 1999 state conviction for robbery with a weapon. Having found that five of the issues Petitioner raised were procedurally barred, the Court addressed the remainder of his claims on the merits. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal (Dkt. 61), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 62), is **DENIED**.

2. Petitioner's request to proceed on appeal *in forma pauperis* (Dkt. 66) is **DENIED**.

3. The Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis* is **DENIED** (Dkt. 65).

**DONE** and **ORDERED** in Tampa, Florida on November 15, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

SA:jsh